WR-83,286-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/9/2015 5:03:42 PM
Accepted 6/10/2015 8:24:46 AM
ABEL ACOSTA
CLERK

Nos. WR-83,286-01 & WR-83,286-02

RECEIVED
COURT OF CRIMINAL APPEALS
6/10/2015
ABEL ACOSTA, CLERK

IN RE

BRANDON JAY CARTER

§   IN THE

§   COURT OF CRIMINAL APPEALS

§   STATE OF TEXAS

---

STATE'S RESPONSE

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES the State of Texas, by and through its District Attorney, 268th Judicial District, Fort Bend County, and responds to Relator's request that this Court issue writs of mandamus and prohibition to cause the district court to vacate its order substituting appointed counsel.

## I.
### *Procedural Background*

On August 20, 2012, a grand jury indicted Relator, Brandon Jay Carter, for the offense of burglary of a habitation with intent to commit a sexual assault, a first degree felony, alleged to have been committed on or about September 26, 2011.

On February 17, 2015, a jury trial commenced with the selection of a petit jury, which was selected and sworn on February 18, 2015. Assigned Judge Lee Duggan, Jr. presided at the jury trial.

1

On February 24, 2015, Relator's appointed attorney, David Christopher Hesse, argued with the trial court's rulings, interrupted the trial court when it spoke, and pursued questioning on certain matters after being instructed not to do so. [Exhibit A, being a copy of the judgment of contempt and commitment order, at 1] The trial court advised Mr. Hesse "outside the presence of the jury, that his conduct was contemptuous, that he would not be held in contempt for what had occurred thus far, that he should proceed with care and would be held in contempt if he persisted in such behavior." [Ex A at 1]

On February 25, 2015, Mr. Hesse "persisted in disrupting the proceedings of the Court during his cross-examination of the State's witness, Detective Tommy Thompson, by arguing with the Court's rulings, (2) continued to pursue questioning on matters he was instructed not to pursue, and (3) interrupted the Court when the Court spoke." [Ex A at 1-2] The jury began deliberations the same day.

On February 26, 2015, the jury reported that their differences were irreconcilable. The trial court gave an Allen charge, but the jury was still unable to reach a verdict. Relator's motion for a mistrial was granted and the jury was discharged. The trial court then entered a Judgment of Contempt and Commitment Order and released Relator's defense counsel, David Christopher Hesse on a personal recognizance bond. [Exhibit B, being a copy of the trial court's docket sheet]

2

On March 2, 2015, Hon. Thomas Culver, Presiding Judge, 240th District Court, made a docket entry, "Atty. Hesse is removed from this case. Harris Wood is appointed to replace Hesse. Ms. Levy to notify Mr. Wood of reset to 4-6-2015 @ 1:30 p.m." [Ex B] On March 2, 2015, Hon. James Shoemake, Presiding Administrative Judge entered an order appointing Harris S. Wood, Jr. to defend Relator, and Ms. Levy duly notified Mr. Wood of his appointment. [Exhibit C, being a copy of the appointment packet]

On March 6, 2015, Relator filed petitions for writs of mandamus and prohibition in the First Court of Appeals, which were summarily denied on May 7, 2015. *In re Brandon Jay Carter*, Nos. 01-15-00216-CR & 01-15-00217-CR (Tex. App.--Houston [1st Dist.] May 7, 2015) (orig. proceedings, not designated for publication).

On March 9, 2015, a Notice of Allegations of Contempt and Order Setting Show Cause Hearing for March 23, 2015 was filed and personally served on Mr. Hesse. [Exhibit D, being a copy of the notice without attachments] The show cause hearing was reset to April 15, 2015.

On March 12, 2015, the trial court entered its Amended Order Substituting Counsel in *The State of Texas vs. Brandon Jay Carter*, Cause No. 12-DCR-061186. [Exhibit E, being a copy of the Amended Order] The Order recites Mr. Hesse's

3

requests during Relator's jury trial to be removed as counsel if he were to be held in contempt. [Ex E at 2] When the trial court removed Mr. Hesse from Relator's case, Mr. Hesse been held in contempt and a show cause hearing before a different judge was pending. [Exs A and D]

On April 15, 2015, the trial court convened the show cause hearing on Mr. Hesse's contempt during Relator's jury trial. Mr. Hesse requested that his amended special plea of double jeopardy be heard first. After the trial court denied relief, Mr. Hesse asked the court to stay the proceedings to enable his appeal of the court's ruling. Mr. Hesse filed his notice of appeal on April 16, 2016, and filed his brief on June 8, 2015. *In re David Christopher Hesse*, No. 01-15-00401-CR.

On May 15, 2015, Relator filed the instant applications for writ of mandamus and writ of prohibition in this Court. On June 1, 2015, after receiving Relator's emergency motion for stay, this Court ordered the Judge of the 240th District Court to file a response with this Court, and permitted the Fort Bend County District Attorney's Office to also submit a response.

## II.
### *The State is not a real party in interest*

The crux of Relator's applications for writs of mandamus and prohibition is to reinstate David Christopher Hesse as Relator's appointed attorney. Although Relator

names District Attorney, John F. Healey, Jr., as a real party in interest, the State of Texas has no interest in which competent attorney represents Relator. More importantly, the State believes that it may be an ethical violation for its attorneys to express an opinion in this matter and as a result, in all likelihood, interfere with the attorney-client relationship.

Respectfully submitted,

John F. Healey, Jr.
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT # 11395400
Assistant District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 238-3205/(281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing State's response was served on

June 9, 2015, the electronic filing manager or by email on the following persons:

David Christopher Hesse, Attorney for Relator
Hesse@HoustonCriminalJustice.com

Harris S. Wood, Jr., Appointed Attorney for Relator in Cause No. 12-DCR-061186
hwoodatty@yahoo.com

Hon. Thomas R. Culver, III, Presiding Judge, 240th District Court
c/o Becky.Fisher@fortbendcountytx.gov

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

Nos. WR-83,286-01 & WR-83,286-02

|  |  |  |
| --- | --- | --- |
| IN RE | § | IN THE |
|  | § | COURT OF CRIMINAL APPEALS |
| BRANDON JAY CARTER | § | STATE OF TEXAS |

## EXHIBITS

Exhibit A:  Copy of the Judgment of Contempt and Commitment Order

Exhibit B:  Copy of the trial court's docket sheet

Exhibit C:  Copy of the appointment packet

Exhibit D:  Copy of the Notice of Allegations of Contempt and Order Setting Show Cause Hearing

Exhibit E:  Copy of the Amended Order Substituting Counsel

# Exhibit A

CAUSE NO. 12-DCR-061186

IN THE MATTER OF   §   IN THE 240TH DISTRICT COURT

DAVID CHRISTOPHER   §   FORT BEND COUNTY, TEXAS
"CHRIS" HESSE

## JUDGMENT OF CONTEMPT AND COMMITMENT ORDER

On February 25, 2015, DAVID CHRISTOPHER "CHRIS" HESSE, State Bar Number 24049081, Contemnor, was present in the 240th District Court before the Honorable Lee Duggan, Jr., presiding.

Contemnor was an attorney in Cause No. 12-DCR-061186, styled *The State of Texas v. Brandon Jay Carter.* During the jury trial of said cause, the following occurred: On February 24, 2015, Contemnor (1) argued with the Court's rulings, (2) interrupted the Court as the Court spoke, and (3) pursued questioning on certain matters after being instructed not to do so. The Court advised Contemnor, outside the presence of the jury, that his conduct was contemptuous, that he would not be held in contempt for what had occurred thus far, and that he should proceed with care and would be held in contempt if he persisted in such behavior.

On February 25, 2015, despite the Court's warnings the day before, Contemnor (1) again persisted in disrupting the proceedings of the Court during his cross-examination of the State's witness, Detective Tommy Thompson, by arguing


12-DCR-061186
ORDER
Order
3460223

1

with the Court's rulings, (2) continued to pursue questioning on matters he was instructed not to pursue, and (3) interrupted the Court when the Court spoke.

Contemnor's behavior prevented the Court from conducting its proceedings in a dignified, orderly, and expeditious manner. The Court finds Contemnor guilty of direct contempt and assesses punishment at a fine of $500.00.

The Court ORDERS the Sheriff of Fort Bend County, Texas, or any Peace Officer of the State of Texas, on receipt of this Order to take David Christopher "Chris" Hesse, Contemnor, into Custody at the conclusion of said trial and confine him in the Fort Bend County Jail. If Contemnor seeks to appeal the Court's finding, the Court authorizes him to be released on personal recognizance as an officer of the court.

Signed this day, February 26, 2015.

_____
Hon. Lee Duggan, Jr.
Judge Presiding, 240th District Court
Fort Bend County, Texas

FILED
AT_____ FEB 2 6 2015 _____ PM
Annie Rebecca Elliott
Clerk District Court, Fort Bend Co., TX

2

## OFFICER'S RETURN

I received the foregoing judgment of contempt and COMMITMENT

ORDER on February 25, 2015. I executed it on February 25, 2015, by taking the

above named Contemnor to the Fort Bend County Jail as ordered.

TROY NEHLS
Sheriff, Fort Bend County, Texas

By: _____
Deputy

3



**ORIGINAL**

Arrest Date: **2-26-15**

Arresting Officer/ Agency: **FBCSO**

Cause/Case#: **12DCR061186**

Magistrate: **JUDGE DUGGAN JR.**

## Personal Recognizance Bail Bond
### THE STATE OF TEXAS
### FORT BEND COUNTY

## KNOW ALL MEN BY THESE PRESENTS:

On this **26** day of **FEBRUARY**, 20 **15** came into open court the defendant **DAVID CHRISTOPHER HESSE** owe and be indebted to the State of Texas and did bind him/herself, his/her heirs, executors and assigns jointly and severally in the principal penal sum of ($ **500.00** ) **FIVE HUNDRED** Dollars, and in addition thereto, to be bound for prejudgment interest at the rate of ten (10%) on the face amount of this bond for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said Principal (Defendant) in the event any of the stated conditions of this bond are violated.

Defendant is not to leave the state of Texas without prior written consent of the Trial Judge.

The Defendant is charged with a: ( ✓ ) Felony ( ) Misdemeanor

TO WIT: **CONTEMPT OF COURT** .

I swear that I will appear before **DISTRICT** (Court/Mag) at **1422 EUGENE HEIMANN CIRCLE  RICHMOND,TX** (add,cty,cty)Texas, on the **3-9-15** (date) at the hour of **10:30** (A.M)/ P.M. or upon notice by the Court, or pay to the Court the principal sum of $ **500.00** plus all necessary and reasonable expenses incurred in any arrest for FAILURE TO APPEAR.

Additionally, under penalty of perjury, I provide the following identification information: I, **DAVID CHRISTOPHER HEESE** currently reside at **17118 AMBER RIDGE DR   SUGARLAND,TX  77498** (add).
I am employed by **ATTORNEY** at the following address **N/A** .
My date of birth **4-30-73** Place of Birth **CLEVELAND, OH** Height **6'6** Weight **210**
Color of Hair **BLNE** Color of Eyes **GREEN** Sex **M** Race **W** Drivers License Number **11851722** State of Issuance **TX**
Name of next of Kin **BUTCH BRADT** Address of next of Kin **14015 SW FWY  HOUSTON,TX  281-201-0700**

___Out of County Bond (Court Information) _____

**12-DCR-061186**
**BORC**
**Bond Received**
**3480249**

✓ FORT BEND COUNTY JUSTICE CENTER 1422 Eugene Heimann Circle, Richmond, Texas 281-238-1900

In Fort Bend County (other courts) _____

Signed and Dated this, the _____ day of _____, 20_____.

X *David C. Hesse*
### DEFENDANT SIGNATURE

**DAVID CHRISTOPHER HESSE**
### DEFENDANT PRINTED NAME

SWORN TO AND SUBSCRIBED BY **SGT DAPHNE T. MARIN #75** , before me on this **26th** day of **FEBRUARY** 20 **15**

**SGT Daphne Marin #75**
Officer Authorized to Administer Oath or Notary Public State of Texas

My Commission Expires: _____

**Troy Nehls**
Sheriff, Fort Bend County, Texas

By _____

**DAPHNE T. MARIN**
**Notary Public, State of Texas**
**My Commission Expires**
**January 09, 2017**

Thumb

** Additional information or *Bond Conditions*: _____

Official Government document of Fort Bend County. Alteration in any form is prohibited by law and subject to prosecution

# Exhibit B

| DATE OF ORDERS | | | ORDERS OF COURT | |
|---|---|---|---|---|
| MONTH | DAY | YEAR | (Continued) | |
| 2 | 25 | 15 | Two messages in writing from jury received. Jury recalled to Courtroom at 2:35PM and (1) Question One (1:15 PM) reread & (2) Question Two - Reporter's notes, both Answers by consent of both parties. Jury returned to deliberate at 2:38 PM. Message in writing from jury, answered in writing by agreement of both sides (re definition of "Identity"). Juror allowed to recess from jury room as a group in bailiff's custody, returning to resume deliberations at 4:06 P.M. Jury requested separation for the day at 6:50 PM State & Defense (and Def't personally) in open court on record to separation. Jury recalled to Courtroom & admonished, "excused until 9 AM Thursday 2/26/15 | |
| 2 | 26 | 15 | Jury resumed deliberations at 9:20 AM. Message in writing from jury at 10:50 AM indicating "we are at an impass [sic]" and our differences are irreconcilable. "Allen" charge, approved by both sides, was sent in at 11:35 A.M. Message from jury in writing at 11:50 AM. Jury recalled to Courtroom at 12 Noon. Message from jury read. Def't motion for mistrial GRANTED. Jury discharged. | |
| | | | with punishment set at $500 fine Court entered Judgment and Comm... Treat order upon finding Contemnor, Christopher Hess in Contempt. Contemnor is authorized to make personal appearance bond as an officer of the Court | |
| 3 | 2 | 15 | Atty. Hesse is removed from this case. Harris Wood is appointed to replace Hesse. Ms. Levy to notify Mr. Wood of reset to 4-6-2015 @ 1:30 pm. Trial Judge | |

# Exhibit C

12-DCR-061186
ORDER
Order
3454476





# ORDER TO SUBSTITUTE COUNSEL

## STATE OF TEXAS

### VS

## BRANDON JAY CARTER

### Cause No. 12-DCR-061186

Upon determination by the Court that this defendant is indigent,

ATTORNEY HARRIS S. WOOD, JR. is hereby appointed to substitute

ATTORNEY CHRIS HESSE to defend BRANDON JAY CARTER.

Date: March 02, 2015

**COURT ADMINISTRATION
COORDINATOR**

FILED

AT 1:44 MAR 2015 M.

Clerk District Court, Fort Bend Co., TX



# ORDER APPOINTING COUNSEL

## Cause No. 12-DCR-061186

The State of Texas

Vs.

BRANDON JAY CARTER

Upon determination by the Court that this Defendant is indigent, HARRIS S. WOOD, JR is hereby appointed to defend BRANDON JAY CARTER.

March 02, 2015

_____
Presiding Administrative Judge



BRANDON JAY CARTER
802 Vestabend
Houston, Tx 77073
Home: 281-232-6744

## ORDER AND NOTICE OF COURT APPOINTED ATTORNEY

### Cause No. 12-DCR-061186

### The State of Texas Vs. BRANDON JAY CARTER

You are hereby notified that HARRIS S. WOOD, JR, whose address and telephone number appear below, is hereby appointed as your attorney. Such representation will continue until this case is disposed, and appeals are exhausted, or replaced by an attorney whom you choose to retain.

**Your FIRST COURT DATE is as follows: April 06, 2015 at 1:30 PM at the 240th District Court.**

IMPORTANT: If the Bail Bond you received at the jail gives you a different court date than the one listed above for the bond cases, you MUST appear on the earliest date to prevent your bond from being forfeited. It is your responsibility to be present at all of your court dates.

You should arrive at the Court Room at least thirty (30) minutes prior to your arraignment time to allow for parking and to meet your attorney. If you are late or do not appear, a warrant will be issued for your arrest and your bond will be forfeited.

_____
Presiding Administrative Judge

HARRIS S. WOOD, JR
2190 NORTH LOOP WEST
STE 308
HOUSTON, TX 77018
281-924-5876

**Levy, Raquel**

**From:** Levy, Raquel
**Sent:** Monday, March 02, 2015 3:55 PM
**To:** 'hwoodatty@yahoo.com'
**Subject:** FELONY APPOINTMENT - CERTIFICATE OF CONTACT
**Attachments:** CERTIFICATE OF CONTACT.doc

Dear Counsel:

You have been appointed by the court to represent:

**Name:** Brandon Jay Carter

**DOB:** 04/25/1991

**Address:** 802 Vestabend
Houston, Tx 77073

**Phone:** 281-232-6744

**Charge:** Burglary Habitation Intend Sex Offense – C#12-DCR-061186

**Court Date:** 4-6-15 @ 1:30 PM IN THE 240TH DISTRICT COURT

If the defendant has made bond, they may be reached at this address and phone otherwise they will be in the Fort Bend County Jail. As you are aware it is your responsibility to make every reasonable effort to contact the defendant by the end of the next working day after today. Failure to comply with this responsibility may result in your replacement as counsel for the defendant pursuant to Art. 26.04(k) of the Code of Criminal Procedure.

Please reply to this email IMMEDIATELY and acknowledge your receipt of receiving.

Raquel Levy
Administrative Court Services
Indigent Defense Coordinator
301 Jackson St.
Richmond, Tx 77469
281-341-3780
FAX #281-238-3224
Raquel.Levy@fortbendcountytx.gov



FILED
MAR 13 2015
AT _____ M.
Clerk District Court, Fort Bend Co., TX

1

# Exhibit D

No. 12-DCR-061186

| STATE OF TEXAS | § | IN THE 240TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BRANDON JAY CARTER,<br>Defendant | § | FORT BEND COUNTY, TEXAS |

IN RE: DAVID CHRISTOPHER HESSE

---

## NOTICE OF ALLEGATIONS OF CONTEMPT AND
## ORDER SETTING SHOW CAUSE HEARING

---

Notice is hereby given to Respondent, David Christopher Hesse, that certain conduct by you, more fully set forth hereinbelow, is considered by this Court to be prima facie evidence of contempt of court. Attached hereto as Exhibit A, and incorporated herein, is a copy of the Reporter's Record of the Court's Judgment of Contempt and Commitment Order. Attached hereto as Exhibit B, and incorporated herein, is a copy of the Reporter's Record of the Testimony of Detective Thompson. Attached hereto as Exhibit C, and incorporated herein, is a copy of the audio recording of the trial proceedings on February 24-26, 2015.

1. *Factual Allegations*

1.01 Respondent is the attorney of record for the Defendant in the above-entitled and numbered cause.

1

1.02 A jury trial commenced on February 17, 2015, with the selection of a petit jury on February 18, 2015, which was sworn that day.

1.03 On February 18, 2015, the indictment was read, and the Defendant pleaded, "Not Guilty." The State and Respondent for the defense presented opening statements, after which the State's evidence began.

1.04 On February 24, 2015, defense witness Lloyd Malpess testified by agreement of the parties out of order, before the State rested its case.

1.04 On February 24, 2015, Respondent argued with the Court's rulings.

1.05 On February 24, 2015, Respondent interrupted the Court as the Court spoke.

1.06 On February 24, 2015, Respondent pursued questioning on certain matters after being instructed not to do so.

1.07 On February 24, 2015, The Court advised Respondent outside the presence of the jury, that his conduct was contemptuous, that he would not be held in contempt for what had occurred thus far, and that he should proceed with care and would be held in contempt if he persisted in such behavior.

1.08 On February 25, 2015, despite the Court's warnings the day before, Respondent again persisted in disrupting the proceedings of the Court during his cross-examination of the State's witness, Detective Tommy Thompson.

1.081 Respondent argued with the Court's rulings, including "I want to know more about this DeMarcus Hawthorne" [Ex A at 54]; "I have a

2

right to confront, sir" [Ex A at 56]; "I object to being denied--" [Ex A at 80-81]; "I can put my objection, now, sir. My objection--" [Ex A at 81]; "My objection is I--" [Ex A at 81]; "My client is being denied—my client is being denied--" [Ex A at 81]; "And I want to put it on the record, sir. I want to put it on the record--" [Ex A at 81]; "I object that my client is being denied his right to confront--" [Ex A at 81]; "Every time you talk over me, sir, I'm not getting on the record. I object--" [Ex A at 82]; "I'd like to make an offer of proof now, sir" [Ex A at 82]

1.082 Respondent refused to give an estimate of how long Respondent intended to cross-examine the witness, "As long as I see fit, sir," "I don't know," "I'll determine that," "You can deal with that when it comes sir," and when the Court asked for Respondent's best estimate, Respondent twice answered, "No, sir." [Ex A at 58-62]

1.082 Respondent four times continued to pursue questioning about bad acts or convictions of DeMarcus Cortez Hawthorne after the State's object to relevance was sustained, and the Court had instructed counsel to move on to another topic. [Ex A at 43-45, 80]

1.083 Respondent twice continued to pursue questioning about latent prints after the State's objection was sustained, and the Court had

3

instructed Respondent to move on to new material. [Ex A at 55-56]

1.084 Respondent interrupted the Court when the Court spoke:

The Court: You have the usual pathway of objections—

Respondent: And I want to put it on the record, sir. I want to put it on the record—

The Court: And do not talk over the Judge.

[Ex A at 81]

1.09 On February 25, 2015, the State rested after Det. Thompson's testimony, the defense rested, and the evidence was closed. The Court's charge was read, closing arguments were made, and the jury was retired to deliberate on guilt-innocence. The jury was allowed to separate at about 6:50 p.m. on the agreement of the parties.

1.10 On February 26, 2015, the jury resumed deliberating, but sent out a written note stating "our differences are irreconcilable." The Court prepared an Allen charge that was approved by the parties and which was sent to the jury. However, at about noon, the jury was returned to the courtroom, Defendant's motion for mistrial was granted, and the jury was discharged.

1.11 On February 26, 2015, after the jury had been discharged, the Court entered a Judgment of Contempt and Commitment Order after finding Respondent in contempt and authorized Respondent to make a personal appearance bond as an officer of the Court.

4

## 2. Allegations of Contempt

2.01 The conduct of the Respondent, as described hereinabove, is contumacious for the reason that it significantly disrupts the orderly proceedings of the court and the proper and effective administration of justice by causing unnecessary delay and the waste of judicial resources.

## 3. Legal Principles

3.01 In determining whether or not the Respondent is in contempt, this Court is cognizant of and guided by the principle that the essence of contempt is not an offense against a particular judge's personal sensibilities, but is instead an affront to the authority, justice or dignity of the court, which conduct obstructs the proper and effective administration of justice. *Brown v. United States*, 386 U.S. 148 (1958).

3.02 Contempt has been defined as an act which is reasonably calculated to impede, embarrass, or obstruct the court in the lawful discharge of its duties. *Ex parte Soape*, 347 S.W.2d 621 (Tex. 1961).

## 4. Range of Punishment

4.01 The range of punishment for contempt is a fine of not more than $500.00, or confinement in the county jail for a period of not more than six months, or by both a fine and a period of confinement.

## 5. *Assigned Judge*

5.01 Pursuant to Section 21.002(d) of the Government Code, the Honorable Olen Underwood, presiding judge of this administrative region, has appointed the Honorable Michael Seiler, to determine the guilt or innocence of the Respondent.

Signed March 6, 2015.

_Lee Duggan, Jr._
Hon. Lee Duggan, Jr.
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas

## *SHOW CAUSE ORDER*

IT IS HEREBY ORDERED that the Respondent, David Christopher Hesse, appear before this Court at 10:00 a.m. on March 23, 2015, to show cause why he should not be held in contempt of court and punished accordingly.

## *NOTICE OF SHOW CAUSE ORDER*

IT IS FURTHER ORDERED that the Clerk of this Court shall cause a NOTICE OF SHOW CAUSE ORDER to be served on Respondent in person on March 9, 2015, upon his appearance at 10:30 a.m. in this Court as Respondent swore he would when released on a personal recognizance bail bond. A copy of this notice and order shall also be provided to the Honorable Olen Underwood, Administrative Judge; the Honorable Michael Seiler, Presiding Judge by assignment; and the Honorable Thomas Culver, Presiding Judge of the 240th District Court.

Signed March ___6th___, 2015

Hon. Michael Seiler
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas

# Exhibit E

12-DCR-061186
ORDER
Order
3471820

| THE STATE OF TEXAS | § | IN THE 240TH JUDICIAL |
| --- | --- | --- |
| VS. | § | DISTRICT COURT OF |
| BRANDON JAY CARTER | § | FORT BEND COUNTY, TEXAS |

**AMENDED ORDER TO SUBSTITUTE APPOINTED COUNSEL**

On March 2, 2015, the Presiding Administrative Judge, James H. Shoemake, upon the request of Thomas R. Culver, III, the elected judge of the 240th District Court, entered an Order appointing Harris S. Wood, Jr. to defend Defendant, Brandon Jay Carter. In accordance with this Court's docket entry, the Court Administration Coordinator issued a notice substituting Mr. Wood for appointed attorney Chris Hesse. This amended order is now entered to memorialize good cause for the substitution of counsel.

Mr. Hesse represented Defendant in a jury trial, commencing February 17, 2015, with the selection of a petit jury, which was empaneled and sworn on February 18, 2015. The jury could not come to a unanimous decision, and Defendant's motion for a mistrial was granted on February 26, 2015. After the jury was released from service, Mr. Hesse was found in contempt of court by the Hon. Lee Duggan, Jr., sitting by assignment. Mr. Hesse sentenced to a $500 fine, and released on a personal recognizance bond. Attached hereto, without

1



attachments, is a copy of the Notice of Allegations of Contempt and Order Setting Show Cause Hearing set for March 23, 2015. [Exhibit 1]

In addition to the allegations of contempt, the reporter's record reflects several exchanges between Mr. Hesse and the trial court wherein Mr. Hesse expressed his concern about being held in contempt and "asked to be removed from this case because my interests are adverse to my client's at this very moment." [Exhibit 2, RR-Feb. 24, 2015 at 5] And again, "I ask that I be withdrawn as attorney of record. . . ." [Exhibit 3, RR-Feb 25, 2015 at 57]

Because Mr. Hesse is subject to a show cause hearing for contempt and had asked to be removed from this case because he might be held in contempt, this Court hereby finds good cause to remove David Christopher Hesse as the appointed attorney in this cuase and to substitute Harris S. Wood, Jr. to defend Brandon Jay Carter.

In addition, on March 3, 2015, the Indigent Defense Coordinator has notified the Court that Mr. Hesse asked to be removed from all appointment lists because he is moving to Amarillo in May 2015. [Exhibit 4, being the affidavit of Raquel Levy]

Signed on March 12, 2015.

_____
Thomas R. Culver, III
Presiding Judge, 240th District Court

2

FILED

AT ____ 4:24 P M
MAR 12 2015

Clerk District Court, Fort Bend Co., TX

# Exhibit 1



COPY

No. 12-DCR-061186

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 240TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BRANDON JAY CARTER, Defendant | § | FORT BEND COUNTY, TEXAS |

**IN RE: DAVID CHRISTOPHER HESSE**

---

## NOTICE OF ALLEGATIONS OF CONTEMPT AND
## ORDER SETTING SHOW CAUSE HEARING

---

Notice is hereby given to Respondent, David Christopher Hesse, that certain conduct by you, more fully set forth hereinbelow, is considered by this Court to be prima facie evidence of contempt of court. Attached hereto as Exhibit A, and incorporated herein, is a copy of the Reporter's Record of the Court's Judgment of Contempt and Commitment Order. Attached hereto as Exhibit B, and incorporated herein, is a copy of the Reporter's Record of the Testimony of Detective Thompson. Attached hereto as Exhibit C, and incorporated herein, is a copy of the audio recording of the trial proceedings on February 24-26, 2015.

### 1. *Factual Allegations*

1.01 Respondent is the attorney of record for the Defendant in the above-entitled and numbered cause.

FILED

2015 MAR -9 AM 8:40

CLERK DISTRICT COURT
FORT BEND CO., TX

1.02 A jury trial commenced on February 17, 2015, with the selection of a petit jury on February 18, 2015, which was sworn that day.

1.03 On February 18, 2015, the indictment was read, and the Defendant pleaded, "Not Guilty." The State and Respondent for the defense presented opening statements, after which the State's evidence began.

1.04 On February 24, 2015, defense witness Lloyd Malpess testified by agreement of the parties out of order, before the State rested its case.

1.04 On February 24, 2015, Respondent argued with the Court's rulings.

1.05 On February 24, 2015, Respondent interrupted the Court as the Court spoke.

1.06 On February 24, 2015, Respondent pursued questioning on certain matters after being instructed not to do so.

1.07 On February 24, 2015, The Court advised Respondent outside the presence of the jury, that his conduct was contemptuous, that he would not be held in contempt for what had occurred thus far, and that he should proceed with care and would be held in contempt if he persisted in such behavior.

1.08 On February 25, 2015, despite the Court's warnings the day before, Respondent again persisted in disrupting the proceedings of the Court during his cross-examination of the State's witness, Detective Tommy Thompson.

1.081 Respondent argued with the Court's rulings, including "I want to know more about this DeMarcus Hawthorne" [Ex A at 54]; "I have a

right to confront, sir" [Ex A at 56]; "I object to being denied—" [Ex A at 80-81]; "I can put my objection, now, sir. My objection—" [Ex A at 81]; "My objection is I—" [Ex A at 81]; "My client is being denied—my client is being denied—" [Ex A at 81]; "And I want to put it on the record, sir. I want to put it on the record—" [Ex A at 81]; "I object that my client is being denied his right to confront—" [Ex A at 81]; "Every time you talk over me, sir, I'm not getting on the record. I object—" [Ex A at 82]; "I'd like to make an offer of proof now, sir" [Ex A at 82]

1.082 Respondent refused to give an estimate of how long Respondent intended to cross-examine the witness, "As long as I see fit, sir," "I don't know," "I'll determine that," "You can deal with that when it comes sir," and when the Court asked for Respondent's best estimate, Respondent twice answered, "No, sir." [Ex A at 58-62]

1.082 Respondent four times continued to pursue questioning about bad acts or convictions of DeMarcus Cortez Hawthorne after the State's object to relevance was sustained, and the Court had instructed counsel to move on to another topic. [Ex A at 43-45, 80]

1.083 Respondent twice continued to pursue questioning about latent prints after the State's objection was sustained, and the Court had

instructed Respondent to move on to new material. [Ex A at 55-56]

1.084  Respondent interrupted the Court when the Court spoke:

The Court: You have the usual pathway of objections—

Respondent: And I want to put it on the record, sir. I want to put it on the record—

The Court: And do not talk over the Judge.

[Ex A at 81]

1.09  On February 25, 2015, the State rested after Det. Thompson's testimony, the defense rested, and the evidence was closed. The Court's charge was read, closing arguments were made, and the jury was retired to deliberate on guilt-innocence. The jury was allowed to separate at about 6:50 p.m. on the agreement of the parties.

1.10  On February 26, 2015, the jury resumed deliberating, but sent out a written note stating "our differences are irreconcilable." The Court prepared an Allen charge that was approved by the parties and which was sent to the jury. However, at about noon, the jury was returned to the courtroom, Defendant's motion for mistrial was granted, and the jury was discharged.

1.11  On February 26, 2015, after the jury had been discharged, the Court entered a Judgment of Contempt and Commitment Order after finding Respondent in contempt and authorized Respondent to make a personal appearance bond as an officer of the Court.

## 2. Allegations of Contempt

2.01 The conduct of the Respondent, as described hereinabove, is contumacious for the reason that it significantly disrupts the orderly proceedings of the court and the proper and effective administration of justice by causing unnecessary delay and the waste of judicial resources.

## 3. Legal Principles

3.01 In determining whether or not the Respondent is in contempt, this Court is cognizant of and guided by the principle that the essence of contempt is not an offense against a particular judge's personal sensibilities, but is instead an affront to the authority, justice or dignity of the court, which conduct obstructs the proper and effective administration of justice. *Brown v. United States*, 386 U.S. 148 (1958).

3.02 Contempt has been defined as an act which is reasonably calculated to impede, embarrass, or obstruct the court in the lawful discharge of its duties. *Ex parte Soape*, 347 S.W.2d 621 (Tex. 1961).

## 4. Range of Punishment

4.01 The range of punishment for contempt is a fine of not more than $500.00, or confinement in the county jail for a period of not more than six months, or by both a fine and a period of confinement.

## 5. Assigned Judge

5.01 Pursuant to Section 21.002(d) of the Government Code, the Honorable Olen Underwood, presiding judge of this administrative region, has appointed the Honorable Michael Seiler, to determine the guilt or innocence of the Respondent.

Signed March 6, 2015.

_Lee Duggan, Jr._
Hon. Lee Duggan, Jr.
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas



## *SHOW CAUSE ORDER*

IT IS HEREBY ORDERED that the Respondent, David Christopher Hesse, appear before this Court at 10:00 a.m. on March 23, 2015, to show cause why he should not be held in contempt of court and punished accordingly.

## *NOTICE OF SHOW CAUSE ORDER*

IT IS FURTHER ORDERED that the Clerk of this Court shall cause a NOTICE OF SHOW CAUSE ORDER to be served on Respondent in person on March 9, 2015, upon his appearance at 10:30 a.m. in this Court as Respondent swore he would when released on a personal recognizance bail bond. A copy of this notice and order shall also be provided to the Honorable Olen Underwood, Administrative Judge; the Honorable Michael Seiler, Presiding Judge by assignment; and the Honorable Thomas Culver, Presiding Judge of the 240th District Court.

Signed March ___6th___, 2015

Hon. Michael Seiler
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas



7

# Exhibit 2



REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 12-DCR-61186

THE STATE OF TEXAS ) IN THE DISTRICT COURT
)
vs. ) FORT BEND COUNTY, TEXAS
)
BRANDON JAY CARTER ) 240TH JUDICIAL DISTRICT

---

## EXCERPT OF BENCH CONFERENCE

---

On the 23rd day of February, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable LEE DUGGAN, JR, Presiding Judge, held in Richmond, Fort Bend County, Texas.

Proceedings reported by computerized stenotype machine.



APPEARANCES

AMANDA BOLIN
STUTI PATEL
DISTRICT ATTORNEY'S OFFICE
301 Jackson Street
Richmond, Texas 77469
Telephone:  281-341-4460
Attorney for The State of Texas


CHRIS HESSE
ATTORNEY AT LAW
1110 Front Street, Ste. C
Richmond, Tx 77469
Telephone:  281-984-0051
Counsel for Brandon Carter



*(Judge enters)*

*(Out of the presence of the jury)*

THE COURT: Thank you, have a seat.

MR. HESSE: Your Honor, my we approach on the record?

THE COURT: Approach.

MR. HESSE: Your Honor --

THE COURT: Do you want your defendant here before we speak?

MR. HESSE: Yes, that would be great.

THE COURT: Counsel, may I have both of you here for a bench conference?

MS. PATEL: Yes, Judge.

MS. BOLIN: Yes, your Honor.

THE COURT: I don't want to talk to either of you about evidence in the matter at this time but simply scheduling and procedure.

Are your witnesses here for those matters that you propose to offer proof about?

MS. PATEL: Yes, your Honor.

THE COURT: Is your out of town witness here?

MR. HESSE: Your Honor, just before we hit that just really quick.

THE COURT: I'm sorry?



MR. HESSE: Just before we talk about that, I would like -- just prior to the court reporter coming into the courtroom, you called us up to talk to us about the case.

THE COURT: That's correct. I did.

MR. HESSE: And I demanded that everything be put on the record.

THE COURT: And I don't want to hear some authority from you on that the fact the Judge is not entitled to have the cooperation of lawyers on non-trial matters.

MR. HESSE: I demanded that everything that's said between the attorneys and the Judge be put on the record and at which point you advised me if I persist in making that demand, you would hold me in contempt.

THE COURT: I'm going to certainly consider it because you've been an impediment to the orderly flow of the case. You haven't been held in contempt yet.

MR. HESSE: That's what -- um -- what you told me is you would -- if I persist in that course of action insisting that this be put on the record that you would hold me in contempt. And so, sir, now -- if you would allow me to speak -- now that I'm afraid of being



held in contempt --

THE COURT: Be careful. We are starting even.

MR. HESSE: Now that I'm afraid of being held in contempt, I ask for a continuance and I ask for a mistrial and I ask to be removed from this case because my interest are adverse to my client's at this very moment.

THE COURT: Tell me how your interests are adverse to your client?

MR. HESSE: I can't defend my client when I'm afraid of being held in contempt.

THE COURT: As I say, you have not been and although I've been told orally about matters that I didn't hear that have been said that you said so you are treading close. But it's a clean slate and a brand new week. So your motion is for --

MR. HESSE: For a continuance, for a mistrial and that I be withdrawn as the attorney of record.

THE COURT: Each of your motions is overruled.



STATE OF TEXAS

COUNTY OF FORT BEND


    I, Liz Wittu, Official Court Reporter in and for the 240TH District Court of Fort Bend, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

    I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid/will be paid by _____.

/S/ Liz Wittu

Liz Wittu, CSR
Texas CSR 7928
Official Court Reporter
240TH District Court
Fort Bend County, Texas
301 Jackson
Houston, Texas 77469
Telephone:  281-341-8601
Expiration:  12/31/2015



# Exhibit 3



REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 12-DCR-61186

THE STATE OF TEXAS                    ) IN THE DISTRICT COURT
                                      )
vs.                                   ) FORT BEND COUNTY, TEXAS
                                      )
BRANDON JAY CARTER                    ) 240TH JUDICIAL DISTRICT

_____

**EXCERPT OF TESTIMONY**

_____

On the 24th & 25th day of February, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable LEE DUGGAN, JR, Presiding Judge, held in Richmond, Fort Bend County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

AMANDA BOLIN
STUTI PATEL
DISTRICT ATTORNEY'S OFFICE
301 Jackson Street
Richmond, Texas 77469
Telephone:  281-341-4460
Attorney for The State of Texas


CHRIS HESSE
ATTORNEY AT LAW
1110 Front Street, Ste. C
Richmond, Tx 77469
Telephone:  281-984-0051
Counsel for Brandon Carter

rule on the objections, that's it.  I don't want to argue about it.  That's contempt.  I'm trying to stay away from contempt.  I would like to finish this case.

How long, additionally, do you think it's going to be before you're finished this evening?

MR. HESSE:  Sir, are you threatening me with contempt?

THE COURT:  Sir?

MR. HESSE:  Are you threatening me with contempt?

THE COURT:  No, sir, I'm telling you that your conduct borders on it.  But I've overlooked a lot, and I intend to continue to try to overlook a lot.

MR. HESSE:  If my conduct borders on contempt, I ask for a continuance.  I ask for a mistrial.  I ask that I be withdrawn as attorney of record, and I ask that the issue of my contempt be --

THE COURT:  We've been over all this before.

MR. HESSE:  The issue of my contempt be --

THE COURT:  And do not try to talk over me.  She only takes my voice when the two of us are being heard.

MR. HESSE:  That's very unfortunate, sir.

THE COURT:  Sir?

STATE OF TEXAS

COUNTY OF FORT BEND

I, Liz Wittu, Official Court Reporter in and for the 240TH District Court of Fort Bend, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid/will be paid by _____.

/S/ Liz Wittu
_____

Liz Wittu, CSR
Texas CSR 7928
Official Court Reporter
240TH District Court
Fort Bend County, Texas
301 Jackson
Houston, Texas 77469
Telephone: 281-341-8601
Expiration: 12/31/2015



# Exhibit 4



THE STATE OF TEXAS

COUNTY OF FORT BEND

## AFFIDAVIT OF RAQUEL LEVY

BEFORE ME, the undersigned authority, on this day personally appeared Raquel Levy, who swore or affirmed to tell truth, and stated as follows:

"My name is Raquel Levy. I am over the age of eighteen years and have personal knowledge of the facts stated herein, which are true and correct.

I am currently employed as the Indigent Defense Coordinator, Administrative Court Services, Fort Bend County. I have been so employed since the year of 2007.

As part of my duties, I maintain the Misdemeanor and Felony Lists of attorneys qualified for appointment to criminal cases. On February 12, 2015, Mr. Hesse asked me to remove him from all appointment lists because he is moving to Amarillo in May 2015. I notified the judges of Mr. Hesse's request on March 3, 2015."



_____
Raquel Levy

1



SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority

on March 12, 2015, by Raquel Levy.



_Rebecca Fisher_

Notary Public in and for the State of Texas

My commission expires:



I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 13 day of March 20 15

ANNIE REBECCA ELLIOTT, DISTRICT CLERK

Lisa Tucker

2